EMILIO DI LIBERO *vs.* EDWARD TAGLIAFERRI *et al.*

NOVEMBER 18, 1949.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J.   This is a bill in equity to establish a constructive trust and for other and further relief.   After a hearing in the superior court on bill, answers and proof, a decree was entered denying and dismissing the bill.   From that decree complainant has appealed to this court on the grounds that such decree is against the law and the evidence and the weight thereof and that it fails to do justice between the parties.

We have carefully considered the evidence and are of the opinion that the complainant's appeal is lacking in merit and should be dismissed.   The controversy between the parties arose as a result of discussions between complainant and respondent Edward Tagliaferri, and is purely one of fact depending largely for its solution on the credibility of the parties.   The other party respondent is Edward's wife Madalena Tagliaferri who is joined as a party merely because she is a grantee named in the deed of the property which is the subject matter of this suit.

The trial justice found that the complainant had failed to prove by a fair preponderance of the evidence that a contract between him and the respondents had ever been consummated, and that in no event had he shown that their dealings with him were such as would furnish a basis for raising a constructive trust in his favor on the ground of fraud as alleged in his bill.   Unless those findings are clearly wrong they will not be disturbed by this court.   *Nixon* v. *Connery*, 71 R. I. 142.   We have found nothing in the transcript that would justify us in denying respondents the benefit of this well-established appellate rule in equity.

The evidence shows that respondents, with their own funds, bought a skating rink and a parcel of real estate in Woonsocket in this state which complainant had originally brought to the attention of respondent Edward Tagliaferri. Before the completion of the sale the latter had given the vendor of the property a check for $500 as a binder and entered into a contract of sale running to himself and his wife in which they agreed to purchase and the vendor agreed to sell the property for $35,000. Complainant was present at that transaction and did not then claim that his name should appear in such contract. Pending the delivery of the deed, however, he and respondent Edward Tagliaferri discussed the probability of complainant becoming a partner in the skating rink business but they could not agree upon the terms and conditions of such a partnership. Later complainant's counsel suggested the formation of a corporation in which complainant and respondents would hold an equal stock interest. This suggestion did not meet with the approval of respondent Edward Tagliaferri as it appeared that complainant could raise only $2,500 of the $10,000 necessary to close the deal with the vendor.

After waiting several weeks for complainant to raise sufficient cash to participate with respondents on an equal basis in the purchase of the skating rink and finally having been told by complainant that he could not do so, respondents purchased the property for $35,000 by giving the vendor $10,000 in cash and a purchase money mortgage for the balance in the amount of $25,000. The transaction was closed without the knowledge of the complainant who, upon learning of it, retained counsel and brought the present suit in which he alleged that respondents had defrauded him of a rightful share in the property. He based such alleged fraud on the ground that they had taken advantage of their position of trust and confidence which he had reposed in them as a result of his having told respondent Edward Tagliaferri that the property was for sale. That is the sole basis for complainant's contention

that respondents were in effect fiduciaries. In this connection it further appears that such respondents and complainant were very close friends and that fact is also relied upon by him, but there does not appear to be any other fact or circumstance that would tend to support his contention.

As we view the evidence there is a complete absence of any showing of a fiduciary relationship and no indication of fraud or even overreaching on respondent Edward Tagliaferri's part. Indeed the reverse is true. Respondents gave complainant ample opportunity to join on equal terms pecuniarily in the transaction and even offered to change places with him and let him have a dominant voice in the proposed partnership affairs if he, instead of respondents, would advance the amount of $7,500 to the vendor. Complainant was unwilling or unable to do this, and as a result respondents had to assume the entire burden of the payment of $10,000 in cash in order to close the sale.

It thus appears from our view of the evidence that the trial justice correctly found that complainant had no equitable rights in the purchased property out of which he claims to have been defrauded and that he failed to prove by a fair preponderance of the evidence that he had a completed agreement with respondents for any share in the property. Those findings therefore cannot be disturbed.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John Di Libero, James J. Corrigan,* for complainant.

*J. Raymond Dubee, A. Louis Rosenstein,* for respondents.